UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BURLEY,

        Plaintiff,

v.

CORIZON HEALTH INC., MICHIGAN
DEPARTMENT OF CORRECTIONS,
DR. SCOTT HOLMES, VICTORIA MERREN,
JOANN BRIDGFORD, K. STEVENS,
T. LAMBART, S. AIKEN, DR. ABDELLATIF,
DR. ROGER GURLACH, DR. KIM FARRIS,
HEALTH UNIT MANAGER COOPER,
J. BUZKIRK, WILLIE SMITH, WARDEN WINN,
HEIDI WASHINGTON, NURSE PRACTITIONER
MUZIRMAN, MELINDA BRAMAN, SHANE
GREY, REGISTERED NURSE SCHADD,
C. BRZYSKI, K. BUSSELL, RANDALL HAAS,
G. STEPHENSON, J. KOENIGSKNECHT,
HEALTH UNIT MANAGER PELON, J. QUIROGA,
J. PRELESNIK, K. ALBERCOOK, K. STODDARD,
ASST. RESIDENT UNIT MANAGER QUNITON,
RESIDENT UNIT MANAGER TYLUTKI,
D. GONZALEZ, K. MCKEE, ASSISTANT DEPUTY
DIRECTOR RIVARD, CHAPLIN MEYERS,
DONNA SCHAFER, DR. ALISON GILBERT,
TRESSA HAGEMANN, T. GUMPER, DEPUTY
WARDEN LAFLAVE, DR. K. PAPENDICK,
RESIDENT UNIT MANAGER KING, DEPUTY
WARDEN MCROBERTS, PRISON HEALTH
SERVICES, K. HAMBLIN, K. BUSSELL, RICK
SNYDER, JENNIFER GRANHOLM, DANIEL
HEYNS, PRINCIPAL GUMPER, ASSISTANT
RESIDENT UNIT SUPERVISOR KING, DAVID
LEACH, CLASSIFICATION DIRECTOR HARTWIG,
and GRIEVANCE COORDINATOR WHITFORD,

        Defendants.
_____/

Case Number 19-10370
Honorable David M. Lawson
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER
PARTIALLY DISMISSING
COMPLAINT**

**OPINION AND ORDER PARTIALLY DISMISSING COMPLAINT**

Michigan prisoner Edward Burley has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). The Court has granted him leave to proceed without prepayment of the filing fee for this action. The Court has completed the screening required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and now concludes that much of the complaint must be dismissed summarily because it does not state a cognizable federal claim.

I.

This is not the plaintiff's first foray into the federal courts. *See, e.g., Burley v. Miller*, 241 F. Supp. 3d 828 (E.D. Mich. 2017). Most of the allegations in the complaint concern prison medical care and accommodations for the plaintiff's hearing disability, focusing on the failure to provide him with a hearing aid for his left ear (he has one for his right ear), the failure to refer him for proper audiological evaluation; the failure to repair or replace his right-ear hearing aid; the failure to provide him with an interpreter for medical appointments (causing delays in treatment), grievance and classification hearings, religious services, and prison programs (denying him participation); and the failure to provide access to phones for the hearing impaired, other communication devices, visual aids and pagers for emergency drills, closed captioned videos for dangerous materials, and lights on maintenance vehicles. The plaintiff also raises claims concerning his religious dietary restrictions and his ability to practice his religion, the confiscation of and lack of access to his legal materials while in segregation, his access to the courts, discrimination and verbal harassment, retaliation, his right of association, conspiracy, and his equal protection rights.

The plaintiff names as defendants Corizon Health Inc., the Michigan Department of Corrections (MDOC), several prison medical care providers, the current and former MDOC

directors, several MDOC and prison administrators, several prison employees, Prison Health Services (PHS), and two former Michigan governors and sues them in their individual and official capacities. The plaintiff seeks injunctive relief, monetary damages, and any other relief.

II.

In the Prison Litigation Reform Act (PLRA), Congress mandated that the Court screen for colorable merit every prisoner complaint filed against a state or governmental person or entity. 28 U.S.C. § 1915A(a) ("The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (Emphasis added)). In addition, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is appropriate if the prisoner's civil rights complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F.

Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and is held to "less stringent standards" than a complaint drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prisoners if they "fail[] to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

A.

Burley's claims against defendants Cooper, Prelesnik, LaFlave, PHS, Hamblin, Snyder, Granholm, and Heyns must be dismissed because he has not alleged any facts demonstrating the personal involvement of those defendants in the claimed instances of improper conduct. A civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C.

§ 1983. *See Monell v. Department of Social Svcs.*, 436 U.S. 658, 691-92 (1978) (holding that section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995) (the plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Conclusory allegations of unconstitutional conduct, without specific factual support, do not state a plausible claim for relief under section 1983. *Twombly*, 550 U.S. at 555. Some factual basis for allegations of unconstitutional conduct by persons acting under color of state law must be set forth in the complaint, *Chapman v. Detroit*, 808 F.2d 459, 465 (6th Cir. 1986), and nothing in Burley's statement of facts or exhibits indicates what Cooper, Prelesnik, LaFlave, PHS, Hamblin, Snyder, Granholm, or Heyns did to violate Burley's constitutional rights. *See Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009).

Civil rights plaintiffs must allege the personal conduct of each government-official defendant that the plaintiff believes violated the Constitution. *Iqbal*, 556 U.S. at 676; *accord Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (noting that the "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original); *Ridgeway v. Kentucky*, 510 F. App'x 412, 413 (6th Cir. 2013) (stating that a plaintiff must "provide detail as to how each defendant allegedly violated his constitutional rights").

B.

For similar reasons, the complaint fails to state a cognizable claim against the former governors, the MDOC directors, the wardens, and any of the defendants that are premised on a theory of failure to supervise. Any assertion that one or more of the defendants failed to supervise an employee, should be vicariously liable for an employee's conduct, erred in denying grievances, or did not sufficiently respond to the situation are insufficient to state a claim under section 1983. *See, e.g.*, *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Likewise, a prison supervisory official's failure to intervene or failure to act does not subject the official to liability under section 1983. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *see also Shehee*, 199 F.3d at 300 (6th Cir. 1999) (noting that "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)).

C.

Burley's claims alleging that one or more of the defendants violated his constitutional rights by denying his grievances or complaints fails to state a claim for relief. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. Although a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), that Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right

to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Although the plaintiff may be dissatisfied with the investigation of his complaints and the responses to his grievances, that dissatisfaction alone will not support a viable federal claim for relief. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003).

D.

Nor does the complaint state a claim for a violation of Burley's right of association. Burley alleges that defendants Corizon and MDOC impeded his freedom to associate by preventing him from being evaluated by a trained audiologist and by having a policy of not providing a second hearing aid. The Supreme Court has long recognized that "[m]any of the liberties and privileges enjoyed by other citizens must be surrendered by [a] prisoner," and an inmate "does not retain rights inconsistent with proper incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Clarifying, the Court explained that "freedom of association is among the rights least compatible with incarceration." *Ibid*. In this case, the plaintiff fails to allege facts to support this claim or otherwise explain how his right of association has been infringed by the defendants. He has not stated a claim upon which relief may be granted on this theory.

E.

Burley fails to state a conspiracy claim against any of the defendants in his complaint. To plead a proper conspiracy claim under section 1983, a plaintiff must allege facts showing: (1) a single plan, (2) that the alleged co-conspirator shared the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his

civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity. In this case, Burley's conspiracy claims are vague and conclusory without specific factual allegations, and therefore insufficient under section 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El*, 523 U.S. at 588; *Moldowan*, 578 F.3d at 390-91; *see also Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

F.

In support of his claim of denial of access to the courts, Burley alleges that defendants Quinlan and Tylutki confiscated his legal materials, that he was denied access to those materials while in segregation for 22 days, and that this action violated his right of access to the courts. Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). That right generally is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). This right of access requires prison authorities to provide either the legal tools necessary for inmates to represent themselves, *e.g.*, a state-provided law library, or the assistance of legally-trained personnel. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (citations omitted).

To prevail on a section 1983 claim for denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *See Lewis*, 518 U.S. at 351. This can be established by showing that the deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92

F.3d 413, 416 (6th Cir. 1996). Burley makes no such allegation. Although he references a court case in his pleadings, he does not indicate the legal basis for that case, nor does he show that the lack of access to his legal materials resulted in a late filing or the dismissal of a meritorious claim. He merely alleges, in conclusory fashion, that he was prejudiced. He thus fails to state a denial of access to the courts claim in his complaint.

G.

Burley also alleges that defendant Quinlan discriminated against him by making derogatory remarks about his religion, but that allegation does not support any claim upon which relief may be granted. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under section 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Montgomery v. Harper*, No. 14-38, 2014 WL 4104163, *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Verbal threats and abuse made in retaliation for filing grievances are also not actionable. *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). The plaintiff's claims against defendants Quinlan and Tylutki will be dismissed.

H.

The plaintiff alleges that his equal protection rights were violated because he was not given a second hearing aid (one for his left ear), even though other prisoners with hearing loss were given two hearing aids. Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*,

418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner based upon an improper factor such as race, gender, or age, or in the absence of a rational basis for the disparate treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587–88 (6th Cir. 2004); *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992). The plaintiff's equal protection claim lacks factual support. Prisoners are not members of a protected class for equal protection purposes, *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997), and the plaintiff fails to allege facts showing that he was treated differently than similarly-situated individuals based upon an impermissible factor. His speculative and conclusory allegations are insufficient to state an equal protection claim.

I.

The plaintiff's complaint against many of the defendants must also be dismissed in part on the basis of sovereign immunity. The plaintiff sues the defendants — state employees — in their official capacities and seeks monetary damages as relief. A suit against a state official in his or her official capacity amounts to a suit against the state, when determining the question of immunity under the Eleventh Amendment. *Pusey v. City of Youngstown,* 11 F.3d 652, 657 (6th Cir. 1993). The Eleventh Amendment to the United States Constitution bars section 1983 claims against state officials sued in their official capacities for damages. *Cady v. Arenac Cnty.,* 574 F.3d 334, 342–43 (6th Cir. 2009).

Similarly, Burley has not stated a plausible claim against MDOC because the Eleventh Amendment bars suits against a state and its departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown*

*Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983," *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Moreover, "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp.*, 987 F.2d at 381). The MDOC therefore is immune from suit.

The plaintiff's claims for monetary damages against the defendants in their official capacities must therefore be dismissed.

J.

However, the plaintiff's claims against the remaining defendants concerning the alleged lack of proper medical care and accommodations, including those claims based upon MDOC and prison policies and customs, the alleged lack of a proper religious diet and the exercise of religion, and alleged retaliation for the filing of grievances are not subject to summary dismissal. Although the plaintiff may or may not prevail on those claims, he has pleaded sufficient facts to state such potential claims for relief to permit the suit to proceed.

III.

For the reasons discussed above, the complaint does not state claims for which relief can be granted under 42 U.S.C. § 1983 against defendants Cooper, Prelesnik, LaFlave, PHS, Hamblin, Snyder, Granholm, and Heyns. Nor does it state viable claims based upon supervisory liability or the denial of grievances or complaints, the plaintiff's right of association claim against defendants Corizon and the MDOC, his conspiracy claims, his denial of access to the courts, discrimination, and verbal harassment claims against defendants Quinlan and Tylutki, and his equal protection

claims.

Accordingly, it is **ORDERED** that those claims and defendants are **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

It is further **ORDERED** that the plaintiff's claims for monetary damages against the defendants in their official capacities are **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

It is further **ORDERED** that the plaintiff's claims against the defendants concerning the alleged lack of proper medical care and accommodation, including those claims based upon prison policies and customs, his claims concerning his religious diet and the exercise of his religion, and his claims concerning retaliation for the filing of grievances, may proceed.

                                                      s/David M. Lawson
                                                      DAVID M. LAWSON
                                                      United States District Judge

Date: May 7, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on May 7, 2019.

                s/Susan K. Pinkowski
                SUSAN K. PINKOWSKI